United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
William R. Yellets
Linda J. Yellets
     Debtors

Case No. 19-15213-amc
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-4     User: PaulP     Page 1 of 1     Date Rcvd: Feb 13, 2020
                       Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 15, 2020.
db/jdb        +William R. Yellets,    Linda J. Yellets,    PO Box 313,    Macungie, PA 18062-0313

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                       TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 15, 2020                                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 13, 2020 at the address(es) listed below:
         JOSEPH L QUINN     on behalf of Joint Debtor Linda J. Yellets CourtNotices@rqplaw.com
         JOSEPH L QUINN     on behalf of Debtor William R. Yellets CourtNotices@rqplaw.com
         REBECCA ANN SOLARZ     on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com
         ROLANDO RAMOS-CARDONA     on behalf of Trustee SCOTT F. WATERMAN (Chapter 13)
          ecfmail@readingch13.com
         SCOTT F. WATERMAN (Chapter 13)     ECFMail@ReadingCh13.com
         SCOTT F. WATERMAN (Chapter 13)     on behalf of Trustee SCOTT F. WATERMAN (Chapter 13)
          ECFMail@ReadingCh13.com
         United States Trustee     USTPRegion03.PH.ECF@usdoj.gov
         WILLIAM EDWARD CRAIG     on behalf of Creditor     Santander Consumer USA Inc.
          ecfmail@mortoncraig.com,    mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
                                                                                                          TOTAL: 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Linda J. Yellets fka Linda J. Artis fka Linda Heemstra fka Linda Vandegraaf<br>William R. Yellets<br>　　　　　　Debtors | CHAPTER 13 |
| Ditech Financial LLC<br>　　　　　　Movant<br>vs. | NO. 19-15213 AMC |
| Linda J. Yellets fka Linda J. Artis fka Linda Heemstra fka Linda Vandegraaf<br>William R. Yellets<br>　　　　　　Debtors | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esquire<br>　　　　　　Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$4,711.62** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | October 2019 to February 2020 at $746.77/month |
| Suspense Balance: | $53.23 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$4,711.62** |

2. The Debtor shall cure said arrearages in the following manner:

　　a). Within seven (7) days of the Court approving this Stipulation, the Debtor shall make a down payment in the amount of **$746.77;**

　　b). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$3,964.85.**

　　c). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$3,964.85** along with the pre-petition arrears;

　　d). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due March 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $746.77 (or as adjusted

pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:    January 27, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 1/30/2020

Joseph L. Quinn, Esquire
Attorney for Debtors

Date: 2/12/2020

Scott F. Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2020. However, the court retains discretion regarding entry of any further order.

**Date: February 13, 2020**

_____
Bankruptcy Judge
Ashely M. Chan